IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID C. ROBERTSON,**

      **Plaintiff,**

vs.                                No. CIV 02-0220 RB/LAM

**UNITED STATES DEPARTMENT OF AGRICULTURE , ANN VENEMAN,**
as Secretary, Department of Agriculture,
**MICHAEL NERUDA, as Deputy**
**Undersecretary, Department of Agriculture,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Cross Motions for Summary Judgment (Docs. 12 and 14), filed on August 7, 2002. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, the Court finds that Plaintiff's Motion for Summary Judgment is not well-taken and should be denied, and that Defendant's Motion for Summary Judgment is well-taken and should be granted.

**I.**     **Background.**

Robertson filed his Complaint on February 25, 2002, alleging claims under the Freedom of Information Act, 5 U.S.C. §552 (hereinafter "FOIA"). Robertson seeks to obtain disclosure of records concerning a former co-worker who filed an employment discrimination claim against Defendant United States Department of Agriculture (hereinafter "USDA"). He also requests an award of attorney fees and costs.

Robertson is employed by the USDA as a Community Development Manager in the USDA Rural Development Office in Deming, New Mexico. (Pl. Ex. 1¶ 4.) He was the complainant's

supervisor. (*Id.*) The charge of discrimination included allegations of sexual discrimination perpetrated by Robertson. (Pl. Ex. 1¶ 4.) On October 11, 2000, Robertson submitted a FOIA request for "a copy of the EEO complaint #980860 filed by [the complainant] dated June 9, 1998, which was filed against me . . ." and copies of "all correspondence, counselor's notes, a copy of the investigation report and any other material related to this complaint." (Compl. Ex. I.)

On October 24, 2000, a USDA employee forwarded Robertson's request to the USDA Office of Civil Rights. (Compl. Ex. II.) After receiving no response, Robertson filed an administrative appeal on March 19, 2001. (Compl. Ex. III.) The appeal was referred to the USDA Freedom of Information Office on March 26, 2001. (Compl. Ex. IV.) By letters dated August 1, 2001 and October 12, 2001, Robertson requested that the USDA process the appeal. (Compl. Exs. V and VI.) Robertson alleges that the USDA did not act on his request or appeal.

On May 30, 2002, the USDA released 17 pages of responsive records to Robertson, and withheld 232 pages. (Pl. Ex. 2; Def. Ex. 1¶ 9.) The 232 pages at issue consist of a letter describing the circumstances leading to the EEO complaint, a cover letter transmitting the records relating to the EEO complaint, a memorandum containing a record of conversations relating to the EEO complaint, a report of investigation, a cover letter transmitting the report of investigation, a letter containing further details of the EEO complaint, and the final agency decision. (Def. Ex. 1¶ 8.) The USDA denied Robertson's request for these 232 pages on the grounds that the information sought was excluded from disclosure by the Privacy Act, 5 U.S.C.§ 552a(b)(1) and FOIA exemptions (6) and 7(C), 5 U.S.C.§ 552(b)(6) and (7)(C). (Def. Ex. 1.)

The parties filed Cross Motions for Summary Judgment on August 7, 2002, pursuant to a stipulated briefing schedule. In his Motion for Summary Judgment, Robertson argues that FOIA

provides him a statutory right to the documents, that he complied with all requirements of FOIA, that *de novo* review applies to claims of exemption, that no exemption applies, and that if an exemption applies, Defendants have failed to segregate those portions of the materials that are not exempt, and that Robertson is entitled to attorney fees and costs.  In support of his Motion for Summary Judgment, Robertson submitted his Affidavit and a letter from Sarah Jirousek-Wint, Staff Attorney, USDA, to Robertson dated May 30, 2002, stating that 17 pages of records were being released to Robertson.

In its Motion for Summary Judgment, the USDA argues that the documents are shielded from disclosure by the Privacy Act and FOIA Exemptions (6) and 7(C).  In support of its Motion for Summary Judgment, USDA submitted the Declaration of Denise A. Banks, FOIA and Privacy Act Officer for the Office of Civil Rights, USDA.

**II.     Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (*quoting* Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The district court may only consider admissible evidence submitted to defeat summary judgment. *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995); *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000).

**III.     Analysis.**

**A.      Whether Ann Veneman and Michael Neruda are properly named defendants.**

Robertson has named Ann Veneman, as Secretary of the USDA, and Michael Neruda, as Deputy Undersecretary of the USDA, as defendants. FOIA authorizes suit against federal agencies, but does not create a right of action against individual employees of the agency. *See* 5 U.S.C. § 552(a)(4)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993); *Parks v. United States Internal Revenue Serv.*, 618 F.2d 677, 684 (10th Cir. 1980) (holding that Privacy Act does not create a right of action against individuals); *Scherer v. United States*, 241 F.Supp.2d 1270, 1278 (D. Kan. 2003). As individuals employees of the USDA, Ms. Veneman and Mr. Neruda are not properly named as defendants under FOIA. Therefore, Robertson's claims against Ms. Veneman and Mr. Neruda should be dismissed.

**B.      Whether the documents at issue should be withheld under the Privacy Act.**

The Privacy Act prohibits federal agencies from disclosing personal information that the agencies have compiled except under certain circumstances. *See* 5 U.S.C.§ 552a. One of the exceptions enumerated in the Privacy Act permits the disclosure of such personal information if disclosure is required under FOIA. *See* 5 U.S.C.§ 552a(b)(2). Therefore, the pertinent question is whether disclosure is required under FOIA.

**C.      Whether the documents at issue are exempt from disclosure under FOIA Exemption 6.**

Upon request, FOIA mandates disclosure of records held by a federal agency, unless the documents fall within certain enumerated exemptions. *See* 5 U.S.C. § 552(b); *Dep't of Interior v.*

*Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7 (2001). However, these enumerated exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of FOIA. *Klamath*, 532 U.S. at 8. The public right of access to federal agency records created by FOIA is enforceable in court. *Audubon Soc'y v. United States Forest Serv.*, 104 F.3d 1201, 1203 (10th Cir. 1997).

Federal courts are granted the authority to enjoin the agency from withholding records and to determine whether records fall within the statutory exemptions listed in 5 U.S.C. §552(b). *See* 5 U.S.C. § 552(a)(4)(B).

> In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records in camera to determine whether such agency records or any part thereof shall be withheld under any of the exemptions in subsection (b) of this section, and the burden is on the agency to sustain its action.

5 U.S.C. § 552(a)(4)(B).

FOIA's strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested document. *United States Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). In a FOIA action challenging an agency decision to withhold records, the district court reviews *de novo* the agency's decision not to disclose. *See* 5 U.S.C. §552(a)(4)(B); *Herrick v. Garvey*, 298 F.3d 1184, 1189 (10th Cir. 2002).

FOIA Exemption 6 prohibits disclosure of information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 encompasses records containing personal information regarding a "particular individual." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989); *United States Dep't of State v. Washington Post Co.*, 456

U.S. 595, 600-02 (1982). The exemption protects such prosaic facts as place of birth and date of marriage, as well as more intimate and potentially embarrassing information. *Washington Post Co.*, 456 U.S. at 600-02.

Application of Exemption 6 requires balancing of the public interest in disclosure against the individual's right to personal privacy. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 380-81 (1976). The only relevant public interest in disclosure that is weighed in this balance is the extent that disclosure would serve the core purpose of the FOIA to "contribute significantly to the public understanding of the operations or activities of the government." *United States Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994); *see also Reporters Comm.*, 489 U.S. at 763.

Robertson asserts that the documents should be disclosed to enable him to perform his public relations duties as Community Development Manager of the USDA's Rural Economic Development Office in Deming. (Pl. Ex. 1, ¶¶ 2 and 6.) He claims that he needs the information to present a "good, efficient image to the public when they walk in the front door" of the office. (*Id*.) Robertson has submitted no legal authority in support of this stance. The documents at issue concern a complaint of employment discrimination against Robertson. Not only do the documents contain personal information about the complainant, but they may very well include potentially intimate and embarrassing information. (Def. Ex. 1.) The records would not contribute significantly to the public understanding of the legitimate operations or activities of the USDA. Indeed, the court is unable to ascertain how documents concerning alleged sexual discrimination would contribute significantly to the public understanding of the operations the USDA. The public interest in disclosure does not outweigh the substantial privacy interest of the complainant in the withheld information. Disclosure would constitute a clearly unwarranted invasion of personal privacy, thereby justifying the USDA's

reliance upon Exemption 6.

**D.      Whether the documents are entitled to protection under FOIA Exemption 7(C).**

Exemption 7(C) exempts from disclosure "records or information complied for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy . . ." 5 U.S.C. § 552(b)(7)(C).  A law enforcement purpose is present if the information was compiled for adjudicative or enforcement purposes, rather than routine oversight purposes.  *Fine v. United States Dep't of Energy*, 823 F.Supp. 888, 907-08 (D. N.M. 1993).  Investigations focusing directly on alleged illegal acts which could, if proved, result in civil or criminal sanctions, qualify as enforcement purposes within the meaning of Exemption 7(c).  *Id.* at 908.

It is undisputed that the 232 pages at issue were generated in response to the complainant's charge of discrimination.  The documents comprise an investigation and adjudicative outcome of a discrete complaint of discrimination by a single employee.  Clearly, the documents were not prepared in the course of routine oversight.  The 232 pages at issue are records compiled for law enforcement purposes within the meaning of Exemption 7(C).

Exemption 7(C) is similar to Exemption 6 because it necessitates balancing the privacy interests of the person mentioned in the documents against the public's interest in disclosure. *Reporters Comm.*, 489 U.S. at 763.  However, Exemption 7(C) is more protective of the individual's privacy than Exemption 6 because the former provision applies to any disclosure that "could reasonably be expected to constitute" an invasion of privacy that is "unwarranted," while the latter bars any disclosure that "would constitute" an invasion of privacy that is "clearly unwarranted." *Fed. Labor Relations Auth.*, 510 U.S. at 496 n.6.

The relevant public interest supporting disclosure of the documents at issue is negligible. Disclosure of the complainant's file might allow Robertson to probe into the allegations levied against him, but it would not contribute significantly to the public understanding of the operations or activities of the USDA. *See Fed. Labor Relations Auth.*, 510 U.S. at 495. In fact, disclosure would reveal little or nothing about the USDA because the documents concern a charge of discrimination by one former employee. The privacy interest of the complainant in the documents that concern her allegation of sex discrimination is high. The public interest in disclosure does not outweigh the substantial privacy interest of the complainant in the withheld information. Disclosure would constitute an unwarranted invasion of personal privacy, thereby justifying the USDA's reliance upon Exemption 7(C).

Robertson argues that the information should be released because he knows the identity of the complainant and the nature of her complaint. Whether an invasion of privacy is warranted cannot turn on the purposes on which the request is based, nor on the identity of the requester. *Fed. Labor Relations Auth.*, 510 U.S. at 495-96. "Congress 'clearly intended' the FOIA 'to give any member of the public as much right to disclosure as one with a special interest [in a particular document].'" *Reporters Comm.*, 489 U.S. at 771 (*quoting NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975)). The fact that Robertson was involved in complainant's case does not entitle him to disclosure.

**E.    Whether the final agency decision is severable from the other documents at issue.**

Robertson argues that the final agency decision is severable from the rest of the subject documents. Any reasonably segregable portion of a record must be provided after deletion of the portions which are exempt. *See* 5 U.S.C. § 552(b); *see also United States Dep't of Justice v. Julian*,

486 U.S. 1, 10 n.8 (1988). "Congress intended for courts to 'consider the nature of the particular document as to which exemption is claimed, in order to avoid the possibility of impermissible 'commingling' by an agency's placing in an investigatory file material that did not legitimately have to be kept confidential.'" *FBI v. Abramson*, 456 U.S. 615, 626-27 (1982) (*quoting NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 229-30 (1978)).

The USDA has submitted the Declaration of Denise Banks stating that release of any relevant portion of the 232 pages at issue would identify the complainant and compromise her privacy. (Def. Ex.1, ¶ 37.) The final agency decision contains factual details of the allegations as well as conclusions regarding the case and terms of the outcome. No meaningful portion is reasonably segregable. (Def. Ex.1, ¶ 37.) Release of the final decision would be equivalent to release of the rest of the documents at issue. Accordingly, the entire final agency decision is exempt from disclosure.

**F.      Whether Robertson is entitled to attorney fees and costs under FOIA.**

Robertson requests an award of attorney fees and costs. In applying for FOIA attorney's fees, a plaintiff must first establish that he is eligible for an award by showing that it "substantially prevailed" on his claim. 5 U.S.C. § 552(a)(4)(E). Robertson has not substantially prevailed on his claim under FOIA. Accordingly, his request for fees and costs will be denied.

**IV.     Conclusion.**

The USDA is the only proper defendant under FOIA. Robertson's claims against Ms. Veneman and Mr. Neruda should be dismissed. The USDA properly withheld disclosure of the documents requested by Robertson.

**WHEREFORE,**

**IT IS ORDERED** that Robertson's claims against Ann Veneman and Michael Neruda are

**DISMISSED.**

**IT IS FURTHER ORDERED** that Robertson's Motion for Summary Judgment, (Doc. 12), filed August 7, 2002, is **DENIED**.

**IT IS FURTHER ORDERED** that the USDA's Motion for Summary Judgment, (Doc. 14), filed August 7, 2002, is **GRANTED**.

**IT IS FURTHER ORDERED** that Robertson's request for attorney fees and costs is **DENIED**.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**